99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Carol G. JOHNSON, Appellant,
v.
DISTRICT OF COLUMBIA, et al., Appellees.
 No. 95-7099.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1996.
 
 Before: EDWARDS, Chief Judge; HENDERSON and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.CIR.R. 36(b).
 
 
 2
 Appellant, Carol G. Johnson ("Johnson"), a white female employed in a majority black unit of the District of Columbia public school system, sued the District of Columbia for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. She alleged that the school system had committed various discriminatory and retaliatory acts relating to her conditions of employment, her performance evaluations and her failure to be selected for a number of positions in the school system. After a bench trial, the district court concluded that Johnson had failed to make out a prima facie case of discrimination and retaliation with respect to some of her claims and had proved none of her claims by a preponderance of the evidence. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) (setting out typical elements of prima facie case of discrimination); Harding v. Gray, 9 F.3d 150, 153 (D.C.Cir.1993) (elaborating on elements of prima facie case in reverse discrimination context); Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1423 (D.C.Cir.1988) (listing elements of prima facie case of reprisal), cert. denied, 490 U.S. 1105 (1989); see also United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-714 (1983) (explaining that after plaintiff establishes prima facie Title VII case issue for decision is whether defendant acted with discriminatory intent). The district court accordingly granted judgment in favor of the District of Columbia.
 
 
 3
 Assigning no legal error to the district court's decision, Johnson argues only that the district court made incorrect factual findings on the basis of the evidence presented at trial. We set aside a district court's findings of fact only if they are clearly erroneous. FED.R.CIV.P. 52(a); see also Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982); Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C.Cir.1996). Having reviewed the record, we find no basis upon which to conclude that the district court's findings were clearly erroneous. Therefore it is
 
 
 4
 ORDERED that the judgment of the district court be affirmed.
 
 
 5
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.CIR.R. 41.